FILED

2008 AUG 19 AM 10: 56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ KNK DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 2556

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. _____ |
| ) | |
| Plaintiff, ) | MATERIAL    WITNESS    COMPLAINT |
| ) | PURSUANT TO: |
| v. ) | |
| ) | Title 18 U.S.C. § 3144 |
| SOCORRO AGUILAR-MORENO (1), ) | F.R. Crim. P. (Material Witnesses) |
| MAXIMINO HERNANDEZ-DE LA CRUZ ) | |
| (2), F.H.A. (3), and S.H.A. ) | RELATED TO 08MJ2374 AND 08CR2712. |
| (4), ) | TO BE MERGED INTO 08CR2712. |
| ) | |
| Material Witnesses. ) | |
| ) | |
| ) | |
| ) | |

The undersigned complainant being duly sworn states:

That on or about July 31, 2008, within the Southern District of California or elsewhere, material witnesses Socorro AGUILAR-Moreno and Maximino HERNANDEZ-De La Cruz participated in an undercover operation in which the United States now is prosecuting defendant MIREYA DOLORES ENRIQUEZ-VELAZQUEZ for bringing into the United States for financial gain material witnesses F.H.A. and S.H.A., both juveniles and the children of the material witnesses, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2; defendants MIREYA DOLORES ENRIQUEZ-VELAZQUEZ and MIRIAM ENRIQUEZ-VELAZQUEZ for concealing, harboring and shielding from detection and attempting to conceal, harbor and shield from detection material witnesses F.H.A. and S.H.A. in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (v)(II); and defendants

1    MIREYA DOLORES ENRIQUEZ-VELAZQUEZ and MIRIAM ENRIQUEZ-VELAZQUEZ for

2    transporting and moving material witnesses F.H.A. and S.H.A. within

3    the United States in violation of Title 8, United States Code,

4    Sections 1324(a)(1)(A)(ii) and (v)(II); all alleged in the Indictment

5    to criminal case UNITED STATES v. MIRIAM ENRIQUEZ-VELAZQUEZ and MIREYA

6    DOLORES ENRIQUEZ-VELAZQUEZ, number 08CR2712-LAB.

7       The Complainant further alleges that the material witnesses are

8    citizens and nationals of Mexico with no legal right to remain in the

9    United States, and have no apparent means of support or family ties.

10    Therefore, the above-referenced material witnesses are material

11    witnesses under Title 18, United States Code, Section 3144.

12       The Complainant states that this complaint is based on the

13    attached statement of facts incorporated herein by reference.

14       DATED:     August 19, 2008.

15

16                          JAVIER ENRIQUEZ
                                 IMMIGRATION         AND        CUSTOMS

17                          ENFORCEMENT SPECIAL AGENT

18       SWORN TO ME BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 19TH

19    DAY OF AUGUST.

20

21                         THE HONORABLE BARBARA LYNN MAJOR
                             UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

Material Witnesses
Socorro AGUILAR-Moreno
Maximino HERNANDEZ-De La Cruz
F.H.A.
S.H.A.

## STATEMENT OF FACTS

1.   I am a Special Agent with Immigration and Customs Enforcement located in the Southern District of California.   This affidavit is made in support of a material witness complaint pursuant to Title 18, United States Code, Section 3144, for Socorro AGUILAR-Moreno, Maximino HERNANDEZ-De La Cruz and for their children, F.H.A. and S.H.A., both juveniles.   This application seeks the material witnesses' detention so that their testimony may be secured for trial in the Southern District of California.

2.   On or about July 31, 2008, Socorro AGUILAR-Moreno and Maximino HERNANDEZ-De La Cruz reported to Immigration and Customs Enforcement that they and their children F.H.A. and S.H.A. were citizens and nationals of Mexico without legal documents to enter the United States.   In addition, they reported the following to Immigration and Customs Enforcement:

A.   In late July 2008, Socorro AGUILAR-Moreno and Maximino HERNANDEZ-De La Cruz coordinated with an alien smuggling organization to smuggle themselves and their children, F.H.A. and S.H.A., from Mexico into the United States.   Socorro AGUILAR-Moreno and Maximino HERNANDEZ-De La Cruz were at a house in Tijuana, Mexico in which they did witness and observe defendant MIREYA DOLORES ENRIQUEZ-VELAZQUEZ and another woman take F.H.A. and S.H.A. in two separate vehicles.   They subsequently were told that F.H.A. and S.H.A. crossed into the United States.

3

1     B.   The alien smuggling organization attempted to smuggle

2 Socorro AGUILAR-Moreno and Maximino HERNANDEZ-De La Cruz into the

3 United States on two separate occasions.  On the second occasion on

4 or about July 29, 2008, Socorro AGUILAR-Moreno and Maximino HERNANDEZ-

5 De La Cruz were apprehended by U.S. Border Patrol and released back

6 to Mexico.  Socorro AGUILAR-Moreno and Maximino HERNANDEZ-De La Cruz

7 decided to abandon their efforts to enter the United States illegally

8 and requested that the alien smuggling organization return their

9 children F.H.A. and S.H.A. back to them.

10     C.   The alien smuggling organization demanded that the

11 material witnesses pay $7,000 for the return of their children F.H.A.

12 and S.H.A.  The alien smuggling organization told Socorro AGUILAR-

13 Moreno and Maximino HERNANDEZ-De La Cruz  that if they did not have

14 the money to pay for the children, there would be others who would.

15     D.   In order to ensure the safe return of F.H.A. and

16 S.H.A., Socorro AGUILAR-Moreno and Maximino HERNANDEZ-De La Cruz

17 participated in an undercover operation.  For the remaining alleged

18 facts, the undersigned incorporates the statement of facts in

19 complaint number 08MJ2374, which is attached as Exhibit A.

20    3. Complaint number 08MJ2374, entitled United States v.

21 MIRIAM ENRIQUEZ-VELAZQUEZ and MIREYA DOLORES ENRIQUEZ-VELAZQUEZ and

22 which is attached as Exhibit A, was issued on August 1, 2008, charging

23 both defendants with violations of Title 8, United States Code,

24 Section 1324, Transportation of Illegal Aliens, namely, F.H.A. and

25 S.H.A., both juveniles, within the Southern District of California.

26 In the probable cause statement, Socorro AGUILAR-Moreno and Maximino

27 HERNANDEZ-De La Cruz were alleged to be material witnesses under Title

28

1 18, United States Code, Section 3144 as they were the parents of

2 F.H.A. and S.H.A.

3   4. On August 4, 2008, U.S. Magistrate Judge Ruben B. Brooks

4 appointed Dorothy Rees Shelton as the material witness attorney for

5 F.H.A. and S.H.A. in complaint number 08MJ2374.  A copy of the Docket

6 Report is attached as Exhibit B.  The minute entry is listed under

7 docket number 2.

8   5. On August 13, 2008, U.S. Magistrate Judge Anthony J.

9 Battaglia arraigned Maximino HERNANDEZ-De La Cruz as a material

10 witness in complaint number 08MJ2374.  Magistrate Judge Battaglia

11 amended the complaint by interlineation to name Maximino HERNANDEZ-De

12 La Cruz as a material witness.  Magistrate Judge Battaglia appointed

13 Dorothy Rees Shelton as the material witness attorney for Maximino

14 HERNANDEZ-De La Cruz .  A copy of the Docket Report is attached as

15 Exhibit B.  The minute entry is listed under5 docket number 8.

16   6. On August 13, 2008, a Grand Jury indicted defendant MIREYA

17 DOLORES ENRIQUEZ-VELAZQUEZ for bringing into the United States for

18 financial gain material witnesses F.H.A. and S.H.A., both juveniles,

19 in violation of Title 8, United States Code,

20 Section 1324(a)(2)(B)(ii), and Title 18, United States Code,

21 Section 2; defendants MIREYA DOLORES ENRIQUEZ-VELAZQUEZ and MIRIAM

22 ENRIQUEZ-VELAZQUEZ for concealing, harboring and shielding from

23 detection and attempting to conceal, harbor and shield from detection

24 material witnesses F.H.A. and S.H.A. in violation of Title 8, United

25 States Code, Sections 1324(a)(1)(A)(iii) and (v)(II); and defendants

26 MIREYA DOLORES ENRIQUEZ-VELAZQUEZ and MIRIAM ENRIQUEZ-VELAZQUEZ for

27 transporting and moving material witnesses F.H.A. and S.H.A. within

28

1  the United States in furtherance of such violation of law in violation

2  of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and

3  (v)(II); all under criminal case criminal case UNITED STATES v. MIRIAM

4  ENRIQUEZ-VELAZQUEZ and MIREYA DOLORES ENRIQUEZ-VELAZQUEZ, number

5  08CR2712. A copy of the Indictment is attached as Exhibit C.

6      7.    Based on the foregoing, I respectfully submit that

7  their testimony from the material witnesses at trial will be material.

8      8.    In addition, it is impractical to secure the presence of

9  the material witnesses by subpoena for the following reasons:

10      A.    They are not citizens of the United States and they

11  currently reside in Mexico;

12      B.    They do not possess any immigration documentation to

13  be, reside or live in the United States legally;

14      C.    They have an incentive to avoid coming to the United

15  States and appearing as government witnesses as they were attempting

16  to enter the United States illegally without proper filing for

17  admittance.

18      9.    I believe that, based on the facts set out above, there is

19  no condition or combination of conditions that would reasonably ensure

20  the appearance of the material witnesses. Accordingly, I respectfully

21  request that a complaint be issued for material witnesses Socorro

22  AGUILAR-Moreno, Maximino HERNANDEZ-De La Cruz, F.H.A. and S.H.A.

23  Given that Dorothy Rees Shelton already was appointed as the material

24  witness attorney for Maximino HERNANDEZ-De La Cruz, F.H.A. and S.H.A.

25  In related case 08MJ2374, the United States requests that the Court

26  re-appoint Ms. Shelton for those three witnesses and appoint her as

27  the material witness for Socorro AGUILAR-Moreno for the instant

28

6

1  complaint.

2

3      WHEREFORE your complaint prays that the Court issue a material

4  witness complaint for  Socorro AGUILAR-Moreno, Maximino HERNANDEZ-De

5  La Cruz, F.H.A. and S.H.A. and that they be placed in custody or

6  bailed as the case may be.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Material Witness Complaint
United States of America v.
Socorro Aguilar-Moreno and
Maximino Hernandez-De La Cruz

FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA     '08 MJ 2374

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT FOR VIOLATION OF: |
| | ) |
| 1. Miriam ENRIQUEZ-Velazquez | ) Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) |
| | ) Transportation of Illegal |
| 2. Mireya Dolores ENRIQUEZ-Velazquez | ) Aliens |
| | ) |
| Defendant(s) | ) |
| | ) |

The undersigned complainant, being duly sworn, states:

On or about July 31, 2008, within the Southern District of California, **Defendant Mireya Dolores ENRIQUEZ-Velazquez, and Defendant Miriam ENRIQUEZ-Velazquez,** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **F. H. A and S. H. A.,** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

JAVIER ENRIQUEZ
Special Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 1st DAY OF August, 2008.

JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

July 31, 2008

The ICE agent posing as a family member of the children contacted "Mireya" at the number provided. "Mireya" told the ICE agent that she was willing to meet to exchange the children for the sum of $6,200.00 USD. The ICE agent agreed to meet and exchange the sum of $6,200.00 USD for the two children previously smuggled into the United States.

On July 31st, 2008, ICE agents acquired a hotel room at the Best Western Hotel located at 710 E Street in Chula Vista, California. The ICE agent posing as a family member informed "Mireya" of the hotel's location and requested to conduct the exchange as soon as possible. "Mireya" stated that she was approximately twenty-five minutes from the hotel. "Mireya" also advised the ICE agent that she would meet the ICE agent in the hotel's lobby with one of the children. "Mireya" added that once the ICE agent gave her the money, "Mireya" would release the second child. The ICE agent posing as the children's family member agreed to the terms.

At approximately 11:30 pm, on July 31st, 2008, ICE agents observed a 2001 Jaguar sedan enter the Best Western parking lot. ICE agents conducting surveillance of the anticipated exchange observed that as the Jaguar entered the parking lot, the driver slowed in front of the hotel's lobby and the front seat passengers observed the lobby area. Agents then observed the Jaguar park near the lobby entrance and a female exited the vehicle with an infant child in her arms and a small child walking along side of her. Agents suspected that the children were those being held by "Mireya." ICE agents approached the Jaguar, whose driver remained in the driver's seat, and identified themselves as federal agents. Agents asked the driver what her name was, to which she replied "Mireya." Agents also observed a child in the rear of the vehicle lying down. Simultaneously, agents entered the hotel lobby where the passenger carrying the infant child was observed entering. ICE agents encountered defendant ENRIQUEZ, Miriam and immediately identified themselves as federal agents. Defendant ENRIQUEZ, Miriam identified herself to agents and claimed that the infant was a relative. However, the young child accompanying Defendant ENRIQUEZ, Miriam and the infant, who was later determined to be Defendant ENRIQUEZ, Miriam's niece stated that Defendant ENRIQUEZ, Miriam was not the child's relative. Upon confirming the actual identity of the two children as being that of the two children being held by the smuggling organization, both Defendant ENRIQUEZ, Miriam and Defendant ENRIQUEZ, Mireya were placed under arrest for violation of Title 8, United States Code, Section 1324 (a)(1)(A)(ii) – Alien Smuggling (Transportation).

DEFENDANT STATEMENT (Miriam ENRIQUEZ-Velazquez):

On August 1, 2008, Defendant ENRIQUEZ, Miriam provided a post-arrest statement while at the San Ysidro Port of Entry. Defendant ENRIQUEZ, Miriam admitted that on July 31st, 2008, she knowingly, in violation of law, transported two children, whom she knew to be unlawfully in the United States; to the person she believed to be the children's aunt. Defendant ENRIQUEZ, Miriam further admitted that in exchange for transporting the two children, she was to be paid $200.00. Defendant ENRIQUEZ, Miriam added that she has unlawfully smuggled and/or transported children on approximately six previous occasions. Defendant ENRIQUEZ, Miriam stated that she was instructed to collect a total of $6,200.00 from the person she believed to be the children's aunt, in exchange for the two children. Defendant ENRIQUEZ, Miriam added that she was also told to pay Defendant ENRIQUEZ, Mireya the sum of $300.00 for caring for the children after they were smuggled into the United States. Lastly, Defendant ENRIQUEZ, Miriam stated that when she smuggles children across the U.S. / Mexico international border she is paid $600.00; however, when she transports smuggled children from San Diego, California to Los Angeles, California, she is paid $250.00.

## STATEMENT OF FACTS

Further, the complainant states that **Socorro AGUILAR-Moreno and Maximino HERNANDEZ- De La Cruz** (parents of F.H.A. and S.H.A) are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial thereof by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code Section 3144.

I declare under penalty of perjury, the following is true and correct:

On July 31st, 2008, Immigration and Customs Enforcement (ICE) Special Agents responded to the San Ysidro Port of Entry to investigate a smuggling case involving two children being held by the smuggling organization. ICE agents interviewed the children's parents, identified as Socorro AGUILAR-Moreno and Maximino HERNANDEZ- De La Cruz. AGUILAR and HERNANDEZ provided the following information concerning the smuggling event and their children:

AGUILAR and HERNANDEZ made arrangements to be smuggled with their two children into the United States with an alien smuggling organization in Tijuana, Baja California, Mexico. AGUILAR and HERNANDEZ stated that the agreement they made with the smuggling organization lead AGUILAR and HERNANDEZ to believe that they, along with their children would be smuggled into the United States through the San Ysidro Port of Entry. AGUILAR and HERNANDEZ stated that after agreeing to the smuggling terms, the organization separated AGUILAR and HERNANDEZ from their children. According to AGUILAR and HERNANDEZ the organization said that the children would be smuggled into the United States with another person with the aid of fraudulent birth certificates. Sometime after separating from the children, AGUILAR and HERNANDEZ were taken to the United States / Mexico international border near Imperial Beach, California. AGUILAR and HERNANDEZ stated that the smuggling organization attempted on two occasions to smuggle AGUILAR and HERNANDEZ into the United States. After being arrested by the United States Border Patrol on both occasions, AGUILAR and HERNANDEZ decided that they no longer wished to enter the United States.

AGUILAR and HERNANDEZ contacted the smuggling organization and requested their children be returned to them. The smuggling organization told AGUILAR and HERNANDEZ that their children had already been smuggled into the United States. The organization further told AGUILAR and HERNANDEZ that if they wished to have their children returned they must pay the smuggling fee plus expenses that were incurred while caring for the children, which totaled $7,000.00 USD. AGUILAR and HERNANDEZ explained to the smuggling organization that they did not have the amount of money the organization requested. The organization told AGUILAR and HERNANDEZ that if they did not pay the money, there were others that would. AGUILAR and HERNANDEZ subsequently contacted law enforcement officials in both the United States and Mexico.

AGUILAR and HERNANDEZ provided ICE agents with the telephone number used to contact the smuggling organization. AGUILAR advised that she had been primarily conversing with a female identified as "Altagracia." On July 31st, 2008, an ICE agent contacted the smuggling organization in regards to the two children being held. The ICE agent informed the person answering the phone call, identified only as "Altagracia," that she was the children's aunt. The ICE agent further explained to "Altagracia" that she was in possession of the money the organization required to secure the release of the two children. "Altagracia" provided the ICE agent with a telephone number for "Mireya." The telephone number, which was a United States based telephone number, was found to belong to Fermin Vergara of San Diego, California. A review of records related to Fermin Vergara revealed VERGARA's spouse to be Mireya Dolores ENRIQUEZ-Velazquez.

**DEFENDANT STATEMENT (Mireya Dolores ENRIQUEZ-Velazquez):**

On August 1, 2008, Defendant Mireya Dolores ENRIQUEZ-Velazquez provided a post-arrest statement while at the San Ysidro Port of Entry. Defendant ENRIQUEZ, Mireya stated that her mother, identified as "Altagracia" contacted her earlier in the week concerning a relative. Defendant ENRIQUEZ, Mireya stated that "Altagracia" told her that some family relatives were in Mexico and had attempted to entered the United States; however, they were unsuccessful. Defendant ENRIQUEZ, Mireya added that "Altagracia" told her that the family member's children were already smuggled into the United States. "Altagracia" then requested Defendant ENRIQUEZ, Mireya pick up the children from the smuggler and care for them until their relatives arrive. Defendant ENRIQUEZ, Mireya stated that she picked up the children as requested by her mother, "Altagracia." Defendant ENRIQUEZ, Mireya then stated that co-defendant Miriam ENRIQUEZ-Velazquez came to her house and informed her that they were going to take the children to meet with other family relatives, not related to the relatives known to be in Mexico. Defendant ENRIQUEZ, Mireya provided a telephone number for "Altagracia," that upon review was found to be the same number as provided by material witness AGUILAR for the alien smuggler in Mexico.

**MATERIAL WITNESS STATEMENT (Socorro AGUILAR-Moreno):**

On July 31st, 2008, Material Witness Socorro AGUILAR-Moreno provided the following information while at the San Ysidro Port of Entry. AGUILAR stated that she and her husband made arrangements with a woman identified only as "Altagracia," to smuggle her family, consisting of herself, her husband and her two children, into the United States. AGUILAR stated that she and her family agreed to pay $2,500.00 USD per adult and $1,600.00 per child to be smuggled into the United States. AGUILAR stated that the smuggling organization separated her from her children and subsequently smuggled her children into the United States through the San Ysidro Port of Entry. After failing to successfully enter the United States on two occasions with the smuggling organization, AGUILAR and her husband sought to re-acquire their children and return to their home. The organization however refused to return the children and demanded that AGUILAR pay $7,000.00 USD for the smuggling of the two children and the expenses incurred as a result of holding them for a period of time. AGUILAR stated that she explained to "Altagracia" that she could not pay such a high amount. "Altagracia" in turn, told AGUILAR that if she did not pay it, someone else would.

**MATERIAL WITNESS STATEMENT (Maximino HERNANDEZ- De La Cruz):**

On July 31st, 2008, Material Witness Maximino HERNANDEZ – De La Cruz provided the following information while at the San Ysidro Port of Entry. HERNANDEZ stated that he and his wife, identified as Socorro AGUILAR-Moreno, made arrangements with a smuggling organization in Tijuana, Mexico, to be smuggled, along with their two children, into the United States. HERNANDEZ stated that their children were smuggled into the United States through the San Ysidro Port of Entry; however, the organization attempted to smuggle HERNANDEZ and his wife through the hills surrounding the port of entry area. HERNANDEZ stated that he and his wife were caught twice by the United States Border Patrol and subsequently decided to return to their home. HERNANDEZ stated that when they requested their children back from the smuggler, the smuggling organization demanded that HERNANDEZ and his wife pay the sum of $7,000.00 USD. HERNANDEZ and his wife explained that they could not pay such an amount. HERNANDEZ and his wife then sought the assistance of the Mexican authorities in locating their children.

# EXHIBIT B

Material Witness Complaint
United States of America v.
Socorro Aguilar-Moreno and
Maximino Hernandez-De La Cruz

# U.S. District Court
## Southern District of California (San Diego)
## CRIMINAL DOCKET FOR CASE #: 3:08-cr-02712-LAB All Defendants

Case title: USA v. Enriquez-Velazquez et al

Magistrate judge case number: 3:08-mj-02374-RBB

Date Filed: 08/13/2008

---

Assigned to: Judge Larry Alan Burns

### Defendant (1)

**Miriam Enriquez-Velazquez**

represented by **Federal Defenders**
Federal Defenders of San Diego
225 Broadway
Suite 900
San Diego, CA 92101-5008
(619)234-8467
Fax: (619)687-2666
Email: cassd_ecf@fd.org
*TERMINATED: 08/12/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Leila W Morgan**
Federal Defenders of San Diego
225 Broadway
Suite 900
San Diego, CA 92101-5008
(619)234-8467
Fax: (619)687-2666
Email: Leila_Morgan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**

8:1324(a)(1)(A)(iii) and (v)(II) -
Harboring Illegal Aliens and Aiding
and Abetting
(3-4)

8:1324(a)(1)(A)(ii) and (v)(II) -
Transportation of Illegal Aliens and

**Disposition**

Aiding and Abetting
(5-6)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 8:1324 (a)(1)(A)(ii) - Transportation of Illegal Aliens | |

---

Assigned to: Judge Larry Alan Burns

**Defendant (2)**

| **Mireya Dolores Enriquez-Velazquez** | represented by | **Casey J Donovan, Jr** |
|---|---|---|
| | | Law Offices of Casey J Donovan |
| | | 105 West F Street |
| | | Fourth Floor |
| | | San Diego, CA 92101 |
| | | (619)696-8989 |
| | | Fax: (619)233-3221 |
| | | Email: |
| | | donovan2donovan@hotmail.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 8:1324(a)(2)(B)(ii); 18:2 - Bringing in Illegal Aliens for Financial Gain; Aiding and Abetting (1-2) | |
| 8:1324(a)(1)(A)(iii) and (v)(II) - Harboring Illegal Aliens and Aiding and Abetting (3-4) | |
| 8:1324(a)(1)(A)(ii) and (v)(II) - Transportation of Illegal Aliens and Aiding and Abetting | |

(5-6)

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**                          **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                 **Disposition**
8:1324 (a)(1)(A)(ii) - Transportation of
Illegal Aliens

---

**Material Witness**
**F.H.A.**                       represented by   **Dorothy Rees Shelton**
*a juvenile*                                      Law Offices of Dorothy R Shelton
                                                  110 West C Street
                                                  Suite 711
                                                  San Diego, CA 92101-3906
                                                  (619)239-9387
                                                  Fax: (619)239-0428
                                                  Email: dsheltonlaw@aol.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: CJA Appointment*

---

**Material Witness**
**S.H.A.**                       represented by   **Dorothy Rees Shelton**
*a juvenile*                                      (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: CJA Appointment*

---

**Plaintiff**
**USA**                          represented by   **U S Attorney CR**
                                                  U S Attorneys Office Southern District
                                                  of California
                                                  880 Front Street
                                                  Room 6293

San Diego, CA 92101
(619)557-5610
Fax: (619)557-5917
Email: Efile.dkt.gc2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/31/2008 | | Arrest of Miriam Enriquez-Velazquez, Mireya Dolores Enriquez-Velazquez on 7/31/08 (jmp) [3:08-mj-02374-RBB] (Entered: 08/04/2008) |
| 08/01/2008 | 1 | COMPLAINT as to Miriam Enriquez-Velazquez, Mireya Dolores Enriquez-Velazquez (jmp)(mam). [3:08-mj-02374-RBB] (Entered: 08/04/2008) |
| 08/04/2008 | 2 | Minute Entry for proceedings held before Magistrate Judge Ruben B. Brooks:Initial Appearance on complaint as to Defendants Miriam Enriquez-Velazquez (1) and Mireya Dolores Enriquez-Velazquez (2) held on 8/4/2008. Case reassigned to Magistrate Judge Ruben B. Brooks. Magistrate Judge Jan M. Adler no longer assigned to case. New case number 08mj2374-RBB. Federal Defenders appointed for Def. Miriam Enriquez-Velazquez (1), Attorney Casey J Donovan, Jr (n/a) appointed for Def. Mireya Dolores Enriquez-Velazquez (2), and Attorney Dorothy Rees Shelton (n/a) appointed for M/Ws F.H.A. (n/a) and S.H.A. (n/a). Bond set as to Def. Miriam Enriquez-Velazquez (1) $20,000 C/CS and Def. Mireya Dolores Enriquez-Velazquez (2) $20,000 C/CS, ( Preliminary Hearing set for 8/14/2008 09:00 AM in Courtroom B before Magistrate Judge Ruben B. Brooks.) (Tape #RBB08-10:53-11:21).(Plaintiff Attorney Dominic Kardum, AUSA).(Defendant Attorney Devin Burstin, FD) (ecl)(mam). [3:08-mj-02374-RBB] (Entered: 08/05/2008) |
| 08/04/2008 | 3 | ORDER Setting Conditions of Release. Bond set for Miriam Enriquez-Velazquez (1) $20,000 C/CS with exam of sureties. Signed by Magistrate Judge Ruben B. Brooks on 8/04/08. (jjh) [3:08-mj-02374-RBB] (Entered: 08/05/2008) |
| 08/04/2008 | 5 | CJA 23 Financial Affidavit by Miriam Enriquez-Velazquez (1). (jjh) [3:08-mj-02374-RBB] (Entered: 08/05/2008) |
| 08/04/2008 | 4 | ORDER Setting Conditions of Release. Bond set for Mireya Dolores Enriquez-Velazquez (2) $20,000 C/CS with exam of sureties. Signed by Magistrate Judge Ruben B. Brooks on 8/04/08. (jjh) [3:08-mj-02374-RBB] (Entered: 08/05/2008) |
| 08/04/2008 | 6 | CJA 23 Financial Affidavit by Mireya Dolores Enriquez-Velazquez (2). (jjh) [3:08-mj-02374-RBB] (Entered: 08/05/2008) |
| 08/12/2008 | 7 | NOTICE OF ATTORNEY APPEARANCE: Leila W Morgan appearing for Miriam Enriquez-Velazquez (Morgan, Leila)(mam). [3:08-mj-02374-RBB] (Entered: 08/12/2008) |
| 08/13/2008 | 8 | Minute Entry for proceedings held before Magistrate Judge Anthony J. Battaglia:Arraignment of Material Witness Maximino Hernandez-De La Cruz |

| | | held on 8/13/2008. Court amends by interlineation: M/W Maximino Hernandez-De La Cruz is to be named in the complaint. Attorney Dorothy Rees Shelton (n/a) appointed for Maximino Hernandez-De La Cruz. Material Witness bail set at $5,000 P/S w/10 percent cash deposit, M/W must be able to legally remain in the U.S. and follow PTS supervision. (Tape #AJB08-14:52-15:01).(Plaintiff Attorney Shireen Becker, AUSA).(Defendant Attorney N/A). (ecl) [3:08-mj-02374-RBB] (Entered: 08/14/2008) |
|---|---|---|
| 08/13/2008 | 9 | INDICTMENT as to Miriam Enriquez-Velazquez (1) count(s) 3-6 and Mireya Dolores Enriquez-Velazquez (2) count(s) 1-6. (jjh)(mam). (Entered: 08/14/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/17/2008 13:20:44 | | |
| **PACER Login:** | du7500 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:08-cr-02712-LAB |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# EXHIBIT C

Material Witness Complaint
United States of America v.
Socorro Aguilar-Moreno and
Maximino Hernandez-De La Cruz

FILED

08 AUG 13 PM 4: 03

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2008 Grand Jury

UNITED STATES OF AMERICA,       )   Criminal Case No '08 CR 2712 LAB
                                )
                Plaintiff,      )   I N D I C T M E N T
                                )
        v.                      )   Title 8, U.S.C.,
                                )   Sec. 1324(a)(2)(B)(ii) -
MIRIAM ENRIQUEZ-VELAZQUEZ (1),  )   Bringing in Illegal Aliens for
MIREYA DOLORES                  )   Financial Gain; Title 18, U.S.C.,
    ENRIQUEZ-VELAZQUEZ (2),     )   Sec. 2 - Aiding and Abetting;
                                )   Title 8, U.S.C.,
                Defendants.     )   Secs. 1324(a)(1)(A)(iii) and
                                )   (v)(II) - Harboring Illegal Aliens
                                )   and Aiding and Abetting; Title 8,
                                )   U.S.C., Secs. 1324(a)(1)(A)(ii)
                                )   and (v)(II) - Transportation of
                                )   Illegal Aliens and Aiding and
_____)   Abetting

    The grand jury charges:

                            Count 1

    On or about July 31, 2008, within the Southern District of

California, defendant MIREYA DOLORES ENRIQUEZ-VELAZQUEZ, with the

intent to violate the immigration laws of the United States, knowing

and in reckless disregard of the fact that an alien, namely, F.H.A.,

a juvenile, had not received prior official authorization to come to,

enter and reside in the United States, did bring to the United States

//

CEK:nlv(2):San Diego
8/13/08

1  said alien for the purpose of commercial advantage and private

2  financial gain; in violation of Title 8, United States Code,

3  Section 1324(a)(2)(B)(ii), and Title 18, United States Code,

4  Section 2.

Count 2

6     On or about July 31, 2008, within the Southern District of

7  California, defendant MIREYA DOLORES ENRIQUEZ-VELAZQUEZ, with the

8  intent to violate the immigration laws of the United States, knowing

9  and in reckless disregard of the fact that an alien, namely, S.H.A.,

10  a juvenile, had not received prior official authorization to come to,

11  enter and reside in the United States, did bring to the United States

12  said alien for the purpose of commercial advantage and private

13  financial gain; in violation of Title 8, United States Code,

14  Section 1324(a)(2)(B)(ii), and Title 18, United States Code,

15  Section 2.

Count 3

17     On or about July 31, 2008, within the Southern District of

18  California, defendants MIRIAM ENRIQUEZ-VELAZQUEZ and MIREYA DOLORES

19  ENRIQUEZ-VELAZQUEZ, with the intent to violate the immigration laws

20  of the United States, knowing and in reckless disregard of the fact

21  that an alien, namely, F.H.A., a juvenile, had come to, entered and

22  remained in the United States in violation of law, did conceal, harbor

23  and shield from detection and attempt to conceal, harbor and shield

24  from detection such alien, California; in violation of Title 8, United

25  States Code, Sections 1324(a)(1)(A)(iii) and (v)(II).

26  //

27  //

28  //

2

1

<u>Count 4</u>

2     On or about July 31, 2008, within the Southern District of

3 California, defendants MIRIAM ENRIQUEZ-VELAZQUEZ and MIREYA DOLORES

4 ENRIQUEZ-VELAZQUEZ, with the intent to violate the immigration laws

5 of the United States, knowing and in reckless disregard of the fact

6 that an alien, namely, S.H.A., a juvenile, had come to, entered and

7 remained in the United States in violation of law, did conceal, harbor

8 and shield from detection and attempt to conceal, harbor and shield

9 from detection such alien, California; in violation of Title 8, United

10 States Code, Sections 1324(a)(1)(A)(iii) and (v)(II).

11

<u>Count 5</u>

12     On or about July 31, 2008, within the Southern District of

13 California, defendants MIRIAM ENRIQUEZ-VELAZQUEZ and MIREYA DOLORES

14 ENRIQUEZ-VELAZQUEZ, with the intent to violate the immigration laws

15 of the United States, knowing and in reckless disregard of the fact

16 that an alien, namely, F.H.A., a juvenile, had come to, entered and

17 remained in the United States in violation of law, did transport and

18 move said alien within the United States in furtherance of such

19 violation of law; in violation of Title 8, United States Code,

20 Sections 1324(a)(1)(A)(ii) and (v)(II).

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

3

<u>Count 6</u>

On or about July 31, 2008, within the Southern District of California, defendants MIRIAM ENRIQUEZ-VELAZQUEZ and MIREYA DOLORES ENRIQUEZ-VELAZQUEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, S.H.A., a juvenile, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

DATED: August 13, 2008.

A TRUE BILL:

Foreperson

KAREN P. HEWITT
United States Attorney

By: 
CHARLOTTE E. KAISER
Assistant U.S. Attorney

4